Daniel, J.
 

 It is agreed that the lands were once the property of Mrs. Rich. The defendant is now in possession, and claims title to the same by a deed, written and executed on the 1st day of March, 1834, by Mrs. Rich and her then husband, John G. Hoskins. The lessors of the plaintiff contended, that Mrs. Hoskins (now Mrs. Rich) had never legally been privately examined, as to her voluntary assent to the
 
 *242
 
 execution of that deed. The defendant then produced a commission to two justices of the peace, signed by the Clerk of the County Court of Rowan, and issued at February Sessions¡¡ 1834, to take the private examination ot Mrs. Hoskins, as to the execution of a certain deed, recited in the commis-. sion to have been
 
 then
 
 (17th of February, 1834,) executed by John Hoskins and Sarah his wife to Samuel Beeding, and that the said Samuel Beeding had procured the deed to be acknowledged or proven by the said John Hoskins before the justices of the Ceu-rt of Pleas and Quarter Sessions of Rowan county. The commission recites, that it was represented to the court, that the said Sarah Hoskins, wife of John Hos-kins, was, on account of sickness, unable to travel, &c. Under this authority, the defendant offered in evidence the certificate of the private examination of the
 
 feme covert
 
 by the said two justices; which certificate was indorsed on the deed, made and executed on the 1st day of March, 1834, and after the order was made by the court to take her examination to a deed then said to be
 
 in esse,,
 
 and after the date of the said commission. It appeared, therefore, from the order of the court granting the commission, and the commission itself issuing upon that order, that the deed of the 1st of March, 1834, was not the deed intended by the court or the parties, to be submitted to the examination of the said commissioners. Their certificate indorsed on the said deed of the 1st of March, 1834, was made without authority, and was therefore void. Waiving, therefore, the consideration of all other objections, the deed did not transfer the title to the land. The judgment must be affirmed.
 

 Per Curiam, Judgment affirmed.